IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| IVERY T. WILLIAMS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:11cv244 (consolidated with 6:11cv273) |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Ivery Williams, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his continued confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Williams complains of delays in his parole eligibility. He says that he received a life sentence in 1965, and he has been "made to serve this sentence twice" for parole eligibility purposes, once from 1965 to 1977, and again from 1979 to 1999 upon his return to prison. He says that between 1979 and 1999, he should have come up for parole review every year, but a new law was retroactively applied to him so he was reviewed every two years instead of every year.

Williams asserts that the laws in effect at the time of the offense govern reviews for parole eligibility, and the application of later laws to him violates ex post facto laws. He also complains that the Board of Pardons and Paroles kept giving him the same reasons for denial of parole, which reasons would never change. In these reasons, he said that he was labeled as a "gang member" when he was not. Williams also contended that he was denied parole in retaliation for his filing lawsuits,

1

and that all of his sentences were "stacked" even though they were handed down before 1987 and therefore had to run concurrently.

In another case, consolidated into the present one, Williams sought a temporary restraining order against Rissie Owens, chairman of the Texas Board of Pardons and Paroles, and Rick Thaler, Director of the Correctional Institutions Division of TDCJ. Williams sought the restraining order to prevent these persons from using the same reasons to deny him parole repeatedly, to stop using ex post facto laws to make his punishment harsher, and to grant him an immediate parole hearing.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Williams' petition be dismissed without prejudice subject to his receiving permission from the Fifth Circuit Court of Appeals to file a successive petition. The Magistrate Judge observed that in September of 2009, Williams filed a federal habeas corpus petition in the Eastern District of Texas challenging his parole status, asserting that he has served past his mandatory release date, he is receiving two-year set-offs for parole review, his sentence is being treated as though it fell under the Texas "3(g)" statute even though that statute did not exist at the time of his conviction, and that when his parole was revoked based upon his 1979 conviction, all of his prior sentences should have "ceased to operate" and made to run concurrently with his new 99 year sentence, but this was not done. *See* Williams v. Director, TDCJ-CID, civil action no. 6:09cv436 (E.D.Tex., dismissed as successive December 7, 2009, no appeal taken).

Williams also filed an earlier federal habeas corpus petition in the Northern District of Texas, raising essentially the same arguments which he made in his 2009 Eastern District case, but he contends that the Magistrate Judge in the Northern District had made "biased and prejudicial rulings." Specifically, Williams contended in his Northern District case that the Board of Pardons and Paroles had violated the *Ex Post Facto* Clause and applied a version of the law which did not exist at the time of his conviction, he is being forced to serve his sentence in installments, he is being improperly denied release on mandatory supervision on his Potter County case, his first sentence is still running and is impacting his later sentences, he is being held illegally because he is eligible for

2

release on mandatory supervision, his sentences were unlawfully stacked, and his due process rights are bring violated because he is forced to serve his sentences piecemeal. *See* Williams v. Quarterman, civil action no. 2:08cv51 (N.D.Tex., dismissed February 24, 2008, no appeal taken).

In yet another federal habeas petition filed in the Eastern District of Texas, Williams contended that he had not been released on mandatory supervision despite serving over 22 years in prison and that the change in the length of time between parole reviews violated the *Ex Post Facto* clause. *See* Williams v. Director, TDCJ, civil action no. 6:01cv543 (E.D.Tex., dismissed with prejudice March 13, 2002, no appeal taken).

The present case consists of allegations which were or could have been raised in some or all of Williams' prior federal habeas proceedings. The Magistrate Judge observed that Williams made no showing that he had received permission from the Fifth Circuit to file a successive petition; on the contrary, the on-line records of the Fifth Circuit show that Williams filed a motion for leave to file a successive petition on March 17, 2009, stating that he wished to raise claims that he is being unlawfully held beyond his mandatory supervision release date, he is being denied release on mandatory supervision, and he has been made to serve the same sentence twice, from 1965 to 1977 and from 1979 to 1999. In an attached memorandum, Williams argued, *inter alia*, that the bar on successive petitions only applied to challenges to convictions, not parole decisions or procedures. He cited Texas state cases in support of this contention. This motion for leave to file a successive petition was denied by the Fifth Circuit on April 13, 2009.

The Magistrate Judge rejected the claim that the successive-petition rule applied only to convictions, noting that in Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003), the Fifth Circuit applied the rule to a petition challenging the denial of jail time credit. Nor does the statute make any such distinction, referring only to "second or successive habeas corpus applications."

Because the claims which Williams now raises were or could have been raised in his previous filings, the Magistrate Judge determined that the present petition is "second or successive," requiring that Williams obtain leave from the Fifth Circuit Court of Appeals. Williams has not complied with

this requirement, and so the Magistrate Judge recommended that the petition be dismissed without prejudice until such permission is obtained.

Williams filed objections to the Magistrate Judge's Report, in the form of a "memorandum of the law and facts," on July 18, 2011. These objections discuss the specific claims which Williams raises, but make no mention of the successiveness issue. He also wrote to letters to the Court after filing his memorandum, but neither of these letters addresses the issue of successiveness. The Magistrate Judge correctly determined that Williams' petition is successive and that the district court lacks jurisdiction to consider it until such time as Williams obtains permission from the Fifth Circuit Court of Appeals to file a successive petition. Crone, 324 F.3d at 836. Williams' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's memorandum of law and facts, which has been construed as objections to the Report. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice, with refiling conditioned upon receipt of permission from the Fifth Circuit Court of Appeals to file a successive petition. Williams cannot refile this petition until he has obtained such permission.

ORDERED that the Petitioner Ivery Williams is hereby DENIED a certificate of appealability *sua sponte*. The denial of this certificate of appealability shall relate only to an appeal of the decision in the present case and shall not affect Williams' right to seek permission from the Fifth Circuit to file a successive petition, nor his right to pursue his claims in such a petition once this permission has been obtained. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 9th day of August, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**